UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-22428-CIV- SELTZER

CONSENT CASE

REGINO BAUTISTA IBARRA and all others
similarly situated under 29 U.S.C. 216(B),

    Plaintiff,

v.

EXTRA SUPERMARKET CORPORATION
f/k/a NUEVO EXITO SUPERMARKET
CORPORATION a/k/a NUEVO EXITO
SUPERMARKET INC. and FELINO MACIAS,

    Defendants.
_____/

ORDER

This cause is before the Court on the parties' Joint Motion Requesting a New Scheduling Order and a New Trial Date (DE 30) and the Court being sufficiently advised, it is hereby ORDERED that the Motion is DENIED for the reasons set forth below.

On July 9, 2013, Plaintiff Regino Bautista Ibarra[1] filed this action against Defendants Extra Supermarket Corporation f/k/a Nuevo Exito Supermarket Corporation a/k/a Nuevo Esito Supermarket Inc. and Felino Macias, alleging that Defendants failed to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"). The matter was assigned to District Judge James I. Cohn. On July 10, 2013, the District Judge entered a scheduling order (DE 6) in which he set the case for trial during the two-week trial period

---

[1] Plaintiff brought the action individually and on behalf of all others similarly situated. Plaintiff, however, has not moved to certify a collective action, and his time for doing so has passed.

commencing January 21, 2014.  That order also set a September 23, 2013 deadline for completing all discovery.

On August 16, 2013, the District Judge transferred this case to the undersigned Magistrate Judge for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and the consent of the parties.  On October 29, 2013, the undersigned entered a new Scheduling Order (DE 16) that specially set a jury trial for September 8, 2014; the order also set a May 2, 2014 deadline for completing fact discovery and a May 16, 2014 deadline for completing expert discovery.

On June 9, 2014, the parties filed the instant Joint Motion Requesting a New Scheduling Order and a New Trial Date (DE 30), in which they request that the Court reschedule the trial for June 22, 2015, or July 6, 2015 – nearly ten months after the current trial date.  Although the motion itself does not seek an extension of any specific pretrial deadline, the parties' proposed order suggests a seven month extension of the May 2, 2014 fact discovery deadline to December 9, 2014.

Federal Rule of Civil Procedure 16(b) requires a court to enter a scheduling order that includes the time within which the parties must meet certain pretrial deadlines; the scheduling order may also include a date for a pretrial conference and for trial.  Fed. R. Civ. P. 16(b)(3)(A) and (B).  The scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  To establish "good cause," "the movant has the burden of proving that the scheduling deadline could not have been met despite the movant's diligent efforts to do so."  John Morrell & Co. v. Royal Caribbean Cruises Ltd., 243 F.R.D. 699, 701 (S.D. Fla. 2007) (Altonaga, J.); see also Sosa v. Airprint Sys. Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) ("This good cause standard precludes

modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'") (quoting Fed. R. Civ. P. 16 advisory committee's note); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). Additionally, Local Rule 7.6 provides:

> A continuance of any trial, pretrial conference, or other hearing will be granted **only on exceptional circumstances**. No such continuance will be granted on stipulation of counsel alone. However, upon written notice served and filed a the earliest practical date prior to the trial, pretrial conference or other hearing, **and supported by affidavit setting forth a full showing of good cause**, a continuance may be granted by the Court.

S.D. Fla. L.R. 7.6 (emphasis added).

In support of their motion, the parties here merely state (not by affidavit) that they "have been cooperating to schedule depositions and have been actively attempting to issue subpoenas for same, however, there remain deponents that the Parties want to depose for which the Parties require additional time to schedule and issue subpoenas as to them." Motion ¶ 4 (DE 30). They reiterate that the parties "have in good faith been trying to cooperate in scheduling and have been actively attempting to set depositions and subpoena deponents by the scheduled deadline." Id. at 2. The parties argue that from these statements the Court should find "good cause" to justify the requested enlargement of the discovery deadline[2] and the continuance of the trial. The Court disagrees.

The parties have had nearly a year to take discovery in this non-complex FLSA

---

[2] The parties are actually requesting that the Court reopen discovery, as the fact discovery deadline passed on May 2, 2004 – more than a month before they filed the instant Motion. Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may grant a motion for extension of time made after the deadline has passed on a showing of "excusable neglect."

overtime case involving a single plaintiff.  They have proffered no reason why they could not have completed discovery in this time period.  More importantly, the parties have not provided any facts showing they have been diligent in trying to complete discovery by the deadline.  They state merely that they have been unable to do so, despite cooperating with each other.  These unsupported statements do not rise to the level of "good cause" (or excusable neglect) to permit further discovery, much less demonstrate (by affidavit or otherwise) that "exceptional circumstances" exist to continue the trial.

      DONE AND ORDERED in Fort Lauderdale, Florida, this 17th day of June 2014.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record